UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CHARLES HIGHLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:17-cv-213-CHB |
| | ) | |
| 21ST CENTURY INSURANCE COMPANY | ) ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |
| | ) | |

\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on Defendant 21st Century Insurance Company's (the "defendant" or "21st Century") Motion for Partial Summary Judgment [R. 30]. Plaintiff Charles Highley (the "plaintiff") filed his response [R. 33], and the defendant replied [R. 34]. The defendant seeks partial summary judgment on the issue of damages resulting from anticipated future medical expenses. Plaintiff has provided scant proof to support this claim under Kentucky law. Thus, for the reasons stated herein, the defendant's Motion [R. 30] is **GRANTED**.

I.  **Nature of the Case**

On June 24, 2015, the plaintiff was involved in a minor automobile accident when his vehicle was bumped from behind in Winchester, Clark County, Kentucky.[1] [R. 1-1, Compl. at ¶¶ 3, 6.] Angela Wood, the underlying tortfeasor, was operating the vehicle that struck the plaintiff

---

[1] Defendant alleges the incident occurred in Madison County, Kentucky. [*See* R. 30-1, p. 1] However, it is clear from the Complaint and other places in the record that the incident took place in Winchester, Clark County, Kentucky. Further, as both of these counties are within the Jury Divisions of the Central Division at Lexington, this discrepancy would not deprive the Court of subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and would still place Lexington as the appropriate venue pursuant to LR 3.1(a)(2)(B).

and testified that she was going between 2-5 m.p.h. at the time of the accident. [R. 59-1, Dep. Of Angela Wood, at p. 13, l. 1] There was minimal physical damage done to either vehicle. [R. 30-2, 30-3, post-accident photos of plaintiff's vehicle and Ms. Woods' vehicle] Plaintiff alleges the incident left him with "temporary and permanent injuries to his person as a whole, physical and mental pain and anguish, loss of enjoyment of life, increased risk of future harm, past and future medical expenses, and lost wages, all in an amount to be proven at trial." [R. 1-1, Compl. at ¶ 8] The underlying tortfeasor settled out, and the plaintiff sued his UIM carrier, 21st Century. The action was removed to this Court on May 12, 2017. [R. 1] The parties filed an Agreed Litigation Plan and Discovery Outline, and the Court entered a Scheduling Order thereafter. [R. 6; R. 10]

Pursuant to the Court's Scheduling Order, the plaintiff's deadline for Rule 26(a)(2) reports from expert trial witnesses was January 2, 2018. [R. 10, at ¶ 1(c), (e)] Both parties were required to supplement disclosures and responses as required by Rule 26(e) no later than April 16, 2018. *Id.* The plaintiff supplemented a number of responses to the defendant's discovery requests on April 16, 2018, the last day for disclosures and for all discovery. [R. 10; R. 30-6, Pl's Supplemental Responses to Interrogatories and Requests for Production of Documents ("Pl.'s Supplemental Responses")] Among these disclosures was plaintiff's response to defendant's Interrogatory No. 12, which requested, in part, "the names, addresses and telephone numbers of each expert witness, including medical experts, with whom you have conferred or intend to use at the trial of this action . . ." [*Id*. at pp. 3-4, Page ID #: 191-92] Plaintiff's supplemental response listed only the names and addresses of various treating physicians and treatment facilities, without supplying any of the requested expert information from Interrogatory # 12. *Id.*

Discovery closed on April 16, 2018. [R. 10] Three days before, however, plaintiff made a motion to extend discovery for a short period to allow specific depositions (as to medical billing and the defense experts). [R. 22] The Court granted that request, but expressly limited the extension to the specific subject matter of the motion. [R. 26,] Thus, as to all other issues, discovery had closed. On April 26, 2018 , defendant filed its motion for partial summary judgement. [R. 30] The plaintiff filed a barebones response in opposition [R. 33], and the defendant replied [R. 34]. On May 24, 2018, the plaintiff also filed an unauthorized sur-reply[2] in an attempt to address the evidentiary vacuum contained in the record on the issue of future medical expenses. The plaintiff moved the Court to re-open discovery to supplement the record on the issue of damages. [R. 36] The Court denied this motion, finding inadequate justification for re-opening discovery. [*See* R. 42]

### A. Defendant's Motion for Summary Judgment

Plaintiff seeks future medical expenses in the amount of $168,532.29.[3] [R. 30-6, Pl.'s Supplemental Responses, Response to Interrogatory No. 22, p. 5, Page ID #: 194] The defendant argues that since the plaintiff did not disclose an expert to testify regarding the need for future medical care pursuant to the Court's Scheduling Order, and has offered no substantial evidence to support this claim for damages, his claims fail as a matter of law. [R. 30-1, Def.'s Memorandum in Support of Motion for Partial Summary Judgment ("Def.'s Memo in Support"), at pp. 2-3, Page ID #: 179-80]

---

[2] The local rules do not permit this filing absent being granted leave by the Court. *See* LR 7.1. Further, the briefing was closed after the reply was filed. *See* Scheduling Order, [R. 10, at ¶ 1(f)] The plaintiff never moved the Court to file its sur-reply. Accordingly, and for the reasons set forth in the Court's previous Order [R. 42], the Court declines to consider this filing.

[3] As the defendant pointed out, this is the same amount the plaintiff seeks for past medical expenses. [R. 30-6, Pl's Supplemental Responses, Response to Interrogatory No. 22] The plaintiff offered no explanation for the basis for this figure, which raises greater suspicion as to the validity of the plaintiff's future medical expenses, and is noted.

3

Plaintiff identified his treating doctors as witnesses. [*See* R. 7, at ¶ 4] The defense deposed Dr. Bennett, plaintiff's surgeon, in February of 2018. During his deposition, Dr. Bennett gave no opinion that the plaintiff would require future care. Indeed, the record is barren of any testimony about the scope and nature of future care. Plaintiff has no retained experts, and it is not clear to the Court that Plaintiff provided Rule 26(a)(2)(C) discovery as to Dr. Bennett.

Defendant argues that under Kentucky law, plaintiff has failed as a matter of law to point to "positive and satisfactory evidence" of future medical expenses. [R. 30-1, Def.'s Memo in Support] As plaintiff failed to include expert reports from his disclosed treating physicians, and the only conceivable evidence of future medical expenses is found in a short answer during Dr. Bennett's deposition referencing his other patients in general, defendant argues that there is no "positive and sufficient evidence" to support this claim. *Id*.

### B. Plaintiff's Response[4]

Plaintiff's sole basis for objecting to the defendant's motion for partial summary judgment comes from three lines of testimony during his treating physician's deposition. [*See* R. 33, Pl.'s Response, Ex. 1.] When asked if the plaintiff would need follow-up treatment after his shoulder surgery, the testifying doctor said "[i]t depends. Everybody's different. I'd say that between 30 and 50 percent of people sort of end up coming back for occasional injections or occasional treatments." [*Id*. at Ex. 1, ll. 4-7, Page ID #: 204.] In his threadbare response, plaintiff argues this testimony is enough to satisfy the evidentiary standards to overcome a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

---

[4] Confusingly, plaintiff begins his Response to Defendant's Motion for Partial Summary Judgment with an introduction that states this case is "a premises liability action that [arises] from a slip and fall on defendant's store located in Lexington , KY." [*See* R. 33, Plaintiff's Response to Motion for Partial Summary Judgment ("Pl.'s Response), at p. 1] According to the Statement of the Facts and Procedural History section that immediately follows, and the Complaint, however, the plaintiff states that he was injured in a car crash on June 24th, 2015 in Winchester, Clark County, Kentucky, and not from a slip and fall from a "dangerous condition [that] existed on defendant's property." *Id*; [R. 1-1, Compl. at ¶¶ 3, 6.]

II.   **Discussion**

  A. **Rule 56 Standard**

The standard for summary judgment is well-known. A moving party is entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to defeat a summary judgment motion, "[t]he nonmoving party must provide more than a scintilla of evidence," or, in other words, "sufficient evidence to permit a reasonable jury to find in that party's favor." *Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265, 268 (6th Cir. 2007) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Thus, the "mere existence of some alleged factual dispute between the parties" will not defeat summary judgment; "the requirement is that there be no genuine issue of material fact." *Anderson*, 477 at 247–48. Summary judgment must be entered if, "after adequate opportunity for discovery," a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 940 (6th Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted)).

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding*, 285 F.3d 415, 424 (6th Cir. 2002). Moreover, the movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Finally, the trial court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact," and "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions

of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001).

### B. Kentucky's Substantive Law on Future Medical Expenses

To determine what evidence is required for future medical costs, the Court looks to Kentucky substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Kentucky law is clear that future medical expenses are recoverable. *Davis v. Graviss*, 672 S.W.2d 928, 932 (Ky. 1984) (suit for damages for injuries received in an intersection collision). However, if there is no evidentiary basis other than speculation for the jury's award, an award may not be made. *See e.g., Walton v. Grant*, 194 S.W.2d 366, 368 (1946); *Kentucky & Indiana Terminal Railroad Co. v. Mann*, 312 S.W.2d 451, 454 (Ky. 1958). In Kentucky, evidence of damages must be "positive and satisfactory." *Howard v. Barr*, 114 F.Supp. 48 (W.D. Ky. 1953) (court denied plaintiff's recovery of future medical expenses in diversity case involving injuries sustained in an automobile intersection collision "since the proof submitted on these items does not meet the test of 'positive and satisfactory evidence' required by the courts." *Id*. at 50) (citing *Consolidated Coach Corp. v. Eckler*, 58 S.W.2d 582 (Ky. 1933)); *see also Walton v. Grant*, 194 S.W.2d 366, 368 (Ky. 1946) (court reduced amount awarded from jury, saying ". . . there was no evidence warranting a finding for future medical bills.") (overturned in part on other grounds in *Rankin v. Green*, 346 S.W.2d 477, 478 (Ky. 1960)).

When considering what evidence is "positive and sufficient," Kentucky courts have held that speculation and supposition are insufficient to justify submission of a case to the jury. *See Chesapeake & Ohio Ry. Co. v. Yates*, 239 S.W.2d 953, 955 (Ky. 1951). If a physician testifies that he does not know the need, length, or cost of future medical expenses then no instruction should be given. *See Walton*, 194 S.W.2d 366, 368 (Ky. 1946) (where doctor had no way of

6

anticipating the cost, need, or length of future medical treatment, there was no evidence to warrant a finding for future medical bills) (*overruled on other grounds by Rankin v. Green*, 346 S.W.2d 477 (Ky.1960)).

    **C. Analysis**

Since the plaintiff has raised the issue of future medical expenses as an element of damages, it is plaintiff's burden to provide more than a scintilla of evidence, and more than supposition and surmise, to defeat defendant's motion for summary judgment. He has not. Plaintiff has disclosed the names of his treating physicians and cites to three (3) lines of testimony from one of them. Plaintiff's entire evidentiary support for his claim of future medical expenses hinges upon these three lines of Dr. Bennett's testimony. *See* Section I.B, *supra*. Plaintiff states "[i]t will be the burden of the plaintiff to prove the exact amount [of future medical expenses] claimed to the jury. Plaintiff expects to have Dr. Bennett testify live at trial to address any future medical procedures, or the likelihood that they will be needed by Plaintiff." [R. 33, pp. 2-3] Yet, plaintiff's burden to overcome this motion for summary judgment is to point to "sufficient evidence" *from the record* to permit a reasonable jury to find in his favor. *Van Gorder*, 509 F.3d 265, 268 (6th Cir. 2007) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). This burden is heightened when applying the substantive law of Kentucky.

Under Kentucky law, the plaintiff had an obligation to put forth evidence to support his portion of his damages claim that was "positive and satisfactory." *Howard*, 114 F.Supp. 48 (W.D.Ky. 1953). The plaintiff's evidence falls well short. To overcome defendant's motion, plaintiff offers only the insubstantial testimony of his treating physician, without more, and

7

argues this satisfies his burden.[5] [R. 33, at p. 2] This is not so. The plaintiff "has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001).

As the Court has previously noted, during his deposition Dr. Bennett gave no opinion (that the Court has seen) that the plaintiff would require future medical care. [R. 42, Order Denying Plaintiff's Motion for Leave to Supplement the Record on Damages] His testimony does not specifically or medically opine as to the plaintiff's future needs.[6] Dr. Bennett's testimony offers only an estimate of *other* patients who *may* require future medical attention. Despite having an adequate opportunity to develop the evidence needed to establish this element of damages, the plaintiff has offered nothing further. *Tolton*, 48 F.3d at 940 (6th Cir. 1995). The Court finds this evidence, standing alone, cannot establish that an issue of material fact exists. *Chao*, 285 F.3d 415, 424 (6th Cir. 2002). The absence of evidence to support plaintiff's claim for future medical expenses justifies granting the defendant's motion for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

For all of these reasons, the Court finds the plaintiff has not satisfied his burden to overcome the defendant's motion for partial summary judgment on the issue of future medical expenses, and therefore defendant's motion [**R. 30**] is hereby **GRANTED.**

This the 8th Day of August, 2018.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

---

[5] Plaintiff likely realized this disparity prior to filing his Motion for Leave to Take Additional Discovery and to Supplement the Record [R. 36], and attempted to salvage part of his damages claim with further discovery. The Court denied that motion [R. 42].
[6] Likewise, nothing else in the record does.